UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

| | |
|---|---|
| In Re:<br><br>Jackson W. Rogers and<br>Rebecca A. Rogers,<br><br>　　　　　Debtors. | Bankruptcy Case<br>No. 17-00376-JDP |

MEMORANDUM OF DECISION

**Appearances:**

　　　Steven A. Shay, Boise, Idaho, Attorney for the Office of the U.S. Trustee.

　　　Erin Wynne, Upright Law, Boise, Idaho Attorney for Debtors.

　　　In this chapter 7 case, on July 7, 2017, a Stipulation for an Order To Refund Fees Pursuant to Section 329 ("the Stipulation")  was filed entered into between the United States Trustee ("UST) and Erin J. Wynne on behalf of "Upright Law" ("Wynne"), the attorneys for the Debtors Jackson and Rebecca Rogers.  Dkt. No. 30.

MEMORANDUM DECISION -1

On August 16, 2017, the Court conducted a hearing concerning the parties' request that the Court approve the Stipulation. At that hearing, the Court orally ordered Wynne to file an itemized statement of all professional services provided by Wynne and others at Upright Law to Debtors so the Court could determine if the reduced amount of compensation the parties agreed Wynne should receive in this case for services rendered to Debtors was reasonable. *See* 11 U.S.C. § 329(b) (providing that payments to a debtor's attorney for compensation may be ordered to be returned if it "exceeds the reasonable value of such services"). On September 22, 2017, Wynne filed an Amended Disclosure of Attorney and Non-Attorney Time to comply with the Court's order. Dkt. No. 40.

Pursuant to the Stipulation, Wynne agreed to disgorge, and has now refunded to Debtors, $400 of the $1,600 paid to her by Debtors for professional services rendered in this case. *See* Stipulation, Dkt. No. 30 at 3-4; Certification of Erin Wynne and Law Solutions Chicago LLC d/b/a Upright Law, Dkt. No. 36 at ¶1. This refund was made by Wynne to Debtors because Wynne's deficiencies in her performance of services as their attorney in the bankruptcy case. *See* Stipulation, Dkt. No. 30 at 1-3. At the hearing, while the Court could conclude that a disgorgement of fees was warranted under the facts recited in the

MEMORANDUM DECISION -2

Stipulation, the Court was unsure whether the $1,200 Wynne would retain under the terms of the Stipulation constituted reasonable compensation for her services. Thus, the Court required Wynne to itemize and describe all services provided to Debtors, which she has now done.

After a review of Wynne's itemization of time and services, the Court concludes that the $1,200 she will retain as compensation is a reasonable amount. However, the Court harbors several concerns stemming from Wynne's disclosures about her services.

First, many of the entries on the itemization are for "Non-Attorney Staff" time and services which Wynne values at $95.00 per hour. Because of the cryptic nature of the descriptions of these services, the Court can not be sure, but it is likely that the bulk of these services are for completing administrative and clerical tasks that would not constitute noncompensable professional services. Moreover, even if the nonlawyer services are compensable, the Court is skeptical whether the $95 hourly rate is a reasonable one in this case.

Though the Court has no concerns about their hourly rates, the Court also suspects that some of the services itemized and provided by Wynne and others identified as "Staff Attorneys" are compensable professional services. Simply

MEMORANDUM DECISION -3

put, lawyers can not expect to charge debtors high hourly rates to provide services that could be competently performed by nonlawyer paralegals, or even clerical or administrative assistants.

Despite these concerns, there is no need for the Court to examine the value of the services provided by Wynne and the others in detail since, overall, the Court concludes that $1,200 represents fair value for those services provided that appear to be properly compensable.[1]  Accordingly, in light of the additional information submitted at and after the hearing, the Court concludes that the terms of the Stipulation are appropriate and should be approved.[2]

---

[1] In Wynne's itemization, she values the 14.1 hours of services provided to Debtors by attorneys and non-attorneys at $2,730.90. Amended Disclosure, Dkt. No. 40 at 4. Even given the limited evidentiary record in this case, the Court could conclude that, had Debtors actually been charged and paid that amount, it would have been excessive and subject to reduction under § 329(b).

[2] The Court understands that the staff attorneys and nonlawyers working on this case are employed by Upright Law in offices located outside of Idaho. Apparently, Debtors' contacts with those persons, other than Wynne, were all conducted electronically. Wynne is an Idaho lawyer, and works in this State. She represents she is a "partner" in Upright Law, and acknowledges that she shares any compensation paid by Debtors with Upright Law. Because the UST has not challenged it, the Court expresses no opinion in this case about the propriety of this business model, which could conceivably raise a variety of issues under the Code or applicable rules of professional conduct.

MEMORANDUM DECISION -4

                    Document      Page 5 of 5

Counsel for the UST is directed to submit an appropriate order approving the Stipulation for entry by the Court. Wynne should approve the form of the order. The continued hearing on this matter set for October 3, 2017 in Boise is vacated.

Dated: September 27, 2017

_____
Honorable Jim D. Pappas
United States Bankruptcy Judge

MEMORANDUM DECISION -5